# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BOBBY WYNN, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| C.M.A. (ATLANTA) et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:11-CV-3315-TWT-LTW |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED**, this 19 day of December, 2011.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BOBBY WYNN,<br>Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | |
| C.M.A. (ATLANTA) et al.,<br>Defendants. | : <br> : | CIVIL ACTION NO.<br>1:11-CV-3315-TWT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff, pro se, is confined at the Fulton County Jail Center in Atlanta, Georgia (the "Jail"). Plaintiff has filed an amended complaint, (Doc. 9), which must be screened under 28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the

deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Liberally construing his amended complaint, Plaintiff alleges that the medical staff at the Jail have been deliberately indifferent to his serious medical needs. (Doc. 9 at 2-9.)¹ Plaintiff alleges that he had glaucoma and diabetes before he arrived at the Jail and that other inmates at the Jail broke his tooth and his ribs. (*Id.*) Plaintiff alleges that the Jail's medical staff have refused to let him go to an eye doctor outside the Jail for his glaucoma, that his vision is worsening, and that he may need surgery in the future. (*Id.* at 3-6, 14-15.) As for his diabetes, Plaintiff alleges that he has not received foot cream that a doctor at the Jail prescribed, medical staff refuse to cut his toenails, he has developed toenail fungus, and he has not always received the proper diet the doctor prescribed because inmates who deliver the food are not supervised and sometimes steal from his food tray.² (*Id.* at 4-6, 12-13, 18-19, 30-37.) Plaintiff alleges that the x-ray for his broken rib was delayed and that the Jail's medical staff

---

¹ Citations to the amended complaint refer to the page numbers electronically printed on the top of each page by the Court's electronic case filing system.

² Plaintiff has not alleged that the Jail's medical staff, the only persons he has sued in this action, had anything to do with fellow inmates tampering with his food tray so that he does not always receive the appropriate diet. (*See id.* at 3, 35-37.)

2

unsuccessfully treated his broken tooth and refused to extract it. (*Id.* at 6, 8, 10-11, 20-23, 26-29.) Plaintiff has attached to his amended complaint copies of grievances he filed with Jail officials regarding those issues and communications to him from the Jail's medical staff.³ (*Id.* at 10-37.)

Plaintiff seeks treatment by medical specialists outside the Jail, including an eye specialist at Grady Hospital. (*Id.* at 3-5.) Plaintiff also seeks damages for his alleged past, present, and future medical needs and his pain and suffering. (*Id.*)

Delayed or denied access to medical care for jail inmates may violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state such a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent only if he: (1) subjectively knew of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct beyond gross negligence. *Pourmoghani-Esfahani*

---

³ One grievance, dated August 17, 2011, alleges "ear complications" and that Plaintiff is at risk of going deaf in his right ear "due to the negligence of the physician I saw this morning." (*Id.* at 16-17.) Plaintiff provided no further information regarding the alleged ear problem and has failed to state a viable claim regarding it.

3

*v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff's allegations do not support a plausible finding that the Jail's medical staff subjectively disregarded a risk of serious harm to Plaintiff. According to his amended complaint, Plaintiff has been examined at the Jail by at least one physician, a nurse practitioner, dental staff, and other nurses and medical staff. (Doc. 9 at 3-4, 6, 11, 13, 17-19, 21, 23, 25, 27.) The allegations further indicate that the Jail's medical staff has given Plaintiff medication, including Penicillin for his tooth; physically examined his reported ailments; took an x-ray of his alleged broken ribs; prescribed him foot cream; and prescribed him a special diet.[4] (*Id.* at 7, 11, 19, 21, 27, 33, 35.) It is clear from Plaintiff's allegations that he is not satisfied with the medical care he has received at the Jail, but it is also clear that he has received medical care in response to his complaints and that the Jail's medical staff has tried various treatments

---

[4] Plaintiff also alleges that he has medication in Jail for his asthma. (*Id.* at 8-9.)

to help him. Plaintiff's allegations do not support a plausible finding that the medical staff was more than grossly negligent in treating his medical conditions.

While Plaintiff may not be satisfied with the results of the medical treatment he received at the Jail and may want other types of treatment by other medical professionals, the failure of the treatment or the failure to give him a particular type of treatment does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Pourmoghani-Esfahani*, 625 F.3d at 1317. Indeed, Plaintiff characterizes the medical care he has received at the Jail as "negligent" and alleges that medical staff have acted with "negligence" in responding to his needs. (Doc. 9 at 16-17, 37.) Plaintiff's allegations may support claims under state law for medical malpractice or negligence, but such claims are not actionable under § 1983. *See Estelle*, 429 U.S. at 106; *Gee*, 625 F.3d at 1317.

Because Plaintiff's amended complaint fails to state a claim upon which relief can be granted, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this 19 day of December, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

5